UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANNE H. PRICE                                    CIVIL ACTION


VERSUS                                             NO: 09-5511


MICHAEL J. ASTRUE,                                 SECTION: R(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


**ORDER AND REASONS**

Before the Court is plaintiff Dianne Price's unopposed application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the following reasons, the Court GRANTS plaintiff's application and awards $3,562.50 for attorney fees.

After exhausting her administrative remedies, plaintiff filed a timely complaint on August 17, 2009 in which she sought review of the Social Security Administration's denial of benefits.[1]  Plaintiff moved for summary judgment on the grounds that the administrative law judge's (ALJ's) decision failed to

---

[1]    R. Doc. 1.

give controlling weight to the opinion of her treating physician.[2]  The Government then filed a cross-motion for summary judgment.[3]  The Magistrate Judge issued a Report and Recommendation which found that the ALJ "gave [the treating physician's] opinions the weight that they deserved" but "recommended that plaintiff's case be remanded to the Commissioner for the purpose of obtaining a consultative neurological evaluation and further consideration of plaintiff's applications at the fifth step of the sequential analysis set forth in 20 C.F.R. §§404.1520 and 416.920."[4]  Under that fifth step of the analysis, "if an individual's impairment precludes her from performing her past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed."[5]  Finding that the Report was unopposed, the Court approved the Report and adopted it as its opinion.[6]  Plaintiff now seeks an award of attorney fees under 28 U.S.C. § 2412.

---

[2]     R. Doc. 12.

[3]     R. Doc. 14.

[4]     R. Doc. 18 at 29.

[5]     *Id.* at 5.

[6]     R. Doc. 19.

A court must award attorney fees under section 2412(d)(1)(A)
if (1) the claimant is a "prevailing party," (2) the position of
the United States was not "substantially justified," and (3)
there are no special circumstances that make an award unjust.
*See* 28 U.S.C. § 2412(d)(1)(A); *Davidson v. Veneman*, 317 F.3d 503,
506 (5th Cir. 2003).  Plaintiff may be considered a "prevailing
party" under the EAJA if she "succeed[s] on any significant issue
in litigation which achieves some of the benefit [she] sought in
bringing suit."  *Sims v. Apfel*, 238 F.3d 597 (5th Cir. 2001).
Here, the Court remanded the matter under the fourth sentence of
42 U.S.C. § 405(g), which provides: "The court shall have power
to enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the
cause for a rehearing."  The United States Supreme Court and
Fifth Circuit have made clear that a remand under the fourth
sentence of section 405(g) renders the plaintiff a "prevailing
party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Rice
v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010).  Further, the
Government has the burden of establishing that its position was
"substantially justified," *Sims*, 238 F.3d at 602, but the
Government has filed no opposition to plaintiff's fee application
and has made no showing that its position was substantially

3

justified.  As there are no special circumstances that make an award unjust, the Court has reviewed the hours claimed by plaintiff's counsel and awards $3,562.50 for attorney fees.

For the foregoing reasons, plaintiff's application for attorney fees is GRANTED.

New Orleans, Louisiana, this 21st day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE